UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY R. ENNIS and CHERRIE
ENNIS,

       Plaintiffs,

                                                  File No. 1:10-CV-751

v.

                                                  HON. ROBERT HOLMES BELL

WELLS FARGO BANK, N.A.,

       Defendant.
                                              /

## **O P I N I O N**

This matter comes before the Court on Defendant Wells Fargo Bank, N.A.'s motion to dismiss (Dkt. No. 10.) For the reasons that follow, the motion will be granted.

### I.

Plaintiffs Gary R. Ennis and Cherrie Ennis are the owners of residential real property at 2197 Tyler Hills Drive, in Traverse City, Michigan ("the Property"). (Compl. ¶¶ 1, 3.) Defendant Wells Fargo Bank, N.A. ("Wells Fargo") holds a note and mortgage on the Property. In November 2009, Plaintiffs were late on their mortgage payment. (*Id.* at ¶ 11.) During a telephone conversation, Wells Fargo representatives advised that they could offer Plaintiffs a loan modification. (*Id.* at ¶ 13.) They instructed Plaintiffs to make no payment in November, to make reduced payments in December-February, and to provide financial documentation. (*Id.* at ¶¶ 14-16.) Plaintiffs received payment coupons for a reduced

payment, with due dates of January 1, 2010, February 1, 2010, and March 1, 2010. (*Id.* at ¶ 17.) Plaintiffs made reduced payments on December 23, 2009, January 25, 2010, and February 23, 2010, and sent in the required paperwork. (*Id.* at ¶ 18.) During the time that they were making reduced payments, Plaintiffs received statements from Defendants showing past due balances. (*id.* at ¶19.) On February 28, 2010, Plaintiffs received a letter from Defendants stating that the loan was in default. (*Id.* at ¶ 22.) Defendant instructed Plaintiffs to disregard the past-due balances and the notice of default while they were in the modification process. (*Id.* at ¶¶ 21, 23.)

On March 16, 2010, Plaintiffs received notice that the loan modification was denied. (*Id.* at ¶ 24.) Plaintiffs received a notice of default dated April 2, 2010, which indicated that the mortgage was in default even though Defendant may have accepted and applied payments which were less than the amount required to reinstate the account. (*Id.* at ¶ 25.) On April 13, 2010, Plaintiffs received notice that the balance had been accelerated, and that the account had been placed with a law firm for foreclosure. (*Id.* at ¶ 26.) On April 21, 2010, the law firm advised that the a total of $9,158.36 was due to reinstate the mortgage through May 7, 2010. (*Id.* at ¶ 27.) On November 23, 2009, Plaintiffs were ready, willing, and able to make the payment due, including the late fee, and would have made every regular payment after that date but for the promises made by Defendant. (*Id.* at ¶ 28.) Plaintiffs specifically asked Defendant if going through the modification would result in foreclosure, and Defendant's consistent response was that no foreclosure would result. (*Id* at ¶ 29.) The

property was scheduled for a sheriff's sale on July 12, 2010. (*Id.* at ¶ 45.)

Plaintiffs filed a verified complaint in the Grand Traverse County Circuit Court against Defendant Wells Fargo Bank, N.A. ("Wells Fargo") alleging 1) breach of contract and/or waiver, 2) fraud, silent fraud, intentional misrepresentation, and/or negligent misrepresentation, 3) intentional interference with property rights, 4) negligent/tortious interference with expectancy of property rights, 5) breaches of duties of good faith and fair dealing, 6) violation of the Michigan Consumer Protection Act, 7) violation of foreclosure laws, Mich. Comp. Laws § 600.3201, 8) declaratory relief. The state court denied the Plaintiffs' motion for a temporary restraining order, but scheduled a July 7, 2010, hearing on Plaintiffs' motion for preliminary injunction. (Dkt. No. 1, Exs. 6, 8.) The parties entered into a stipulation adjourning the hearing and the sheriff's sale. (Dkt. No. 1, Ex. 11.) Defendant removed the action to this Court on the basis of diversity of citizenship. (Dkt. No. 1, Notice of Removal, Ex. 1, Verified Compl.)

**II.**

Defendant has moved for dismissal of Plaintiffs' claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "sufficient factual matter" to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). In reviewing the motion, the Court must "construe the complaint in the light

3

most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff," but "need not accept as true legal conclusions or unwarranted factual inferences." *Hunter v. Sec'y of U.S. Army*, 565 F.3d 986, 992 (6th Cir. 2009) (quoting *Jones v. City of Cincinnati*, 521 F.3d 555, 559 (6th Cir. 2008)). .

A court may not consider matters outside the pleadings in analyzing a complaint under Rule 12(b)(6). However, "[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes." Fed. R. Civ. P. 10(c). Moreover, the Sixth Circuit has held that "documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001) (quoting *Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997)).

Plaintiffs have attached several exhibits to their response to Defendant's motion to dismiss that were not attached to their complaint. If matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. Fed. R. Civ. P. 12(d). A district court is free to refuse to accept materials outside the pleadings in order to keep the motion under Rule 12. *Max Arnold & Sons, LLC v. W.L. Hailey & Co.*, 452 F.3d 494, 503 (6th Cir. 2006). A district court's decision to exclude such materials should be explicit. *See Gunasekera v. Irwin*, 501 F.3d 461, 466 n.1 (6th Cir. 2009) ("[O]nce outside materials have been presented, the district court need not 'further consider or rely upon these outside matters before the obligation to convert

is triggered.'"). The Court exercises its discretion in this case to exclude the matters outside the pleadings and to review this motion under Rule 12 rather than under Rule 56.

### III

Defendant moves for dismissal of Count I, alleging breach of contract and/or waiver, on the basis that it is barred by the Michigan statute of frauds.

The Michigan legislature amended the statute of frauds effective January 1, 1993, to include a provision that applies specifically to financial institutions:

> (2) An action shall not be brought against a financial institution to enforce any of the following promises or commitments of the financial institution unless the promise or commitment is in writing and signed with an authorized signature by the financial institution:
>
>> (a) A promise or commitment to lend money, grant or extend credit, or make any other financial accommodation.
>>
>> (b) A promise or commitment to renew, extend, modify, or permit a delay in repayment or performance of a loan, extension of credit, or other financial accommodation.
>>
>> (c) A promise or commitment to waive a provision of a loan, extension of credit, or other financial accommodation.

Mich. Comp. Laws § 566.132(2).

As the Michigan Court of Appeals has determined, the language of § 566.132(2), which expressly bars an action against a financial institution to enforce a promise to modify a loan "unless the promise or commitment is in writing and signed with an authorized signature by the financial institution" is "unambiguous." *Crown Technology Park v. D&N Bank, FSB*, 619 N.W.2d 66, 72 (Mich. Ct. App. 2000). The statute operates as "an

5

unqualified and broad ban," using "generic and encompassing terms" to describe the types of promises or commitments that the statute of frauds protects "absolutely." *Id.* The statute "plainly states that a party is precluded from bringing a claim – no matter its label – against a financial institution to enforce the terms of an oral promise to waive a loan provision." *Id. See also Cadle Co. II, Inc. v. P.M. Group, Inc.*, No. 275099, 2007 WL 3119569, at *2 (Mich. Ct. App., Oct. 25, 2007) (holding that where no authorized representative of the bank signed a modification or waiver, the alleged agreement to modify or waive the guaranty was unenforceable under MCL 566.132(2)); *Jarbo v. BAC Home Loan Servicing*, No. 10-12632, 2010 WL 5173825, at *11 (E.D. Mich. Dec. 15, 2010) (Edmunds, J.) (holding that the plain language of Michigan's statute of frauds precluded the plaintiffs from bringing claims alleging the breach of an unwritten promise to modify or delay repayment of their mortgage loans); *Williams v. JP Morgan Mortg. Acquisition Corp.*, No. 09-12106, 2010 WL 1052356, at *4 (E.D. Mich. Mar. 19, 2010) (Duggan, J.) (holding that the plaintiffs' claims based on the defendants' alleged promise that it would modify the loan on the plaintiffs' property and delay a foreclosure sale during the loan modification process were barred by § 566.132(2) because they had no writing, signed by the defendant, promising to modify the plaintiffs' loan or delay the foreclosure sale); *Ajami v. IndyMac Mortg. Servs.*, 2009 WL 3874680, at *2 (E.D.Mich, Nov. 13, 2009) (Cohn, J.) (granting the bank's motion to dismiss plaintiff's claims based on an alleged promise of a loan modification and short sale because they were barred by the statute of frauds).

Defendant contends that Plaintiffs' breach of contract claim, which is based on the alleged loan modification, and their waiver claim, which is based on the bank's alleged intent to waive its right to foreclose,[1] are barred by the statute of frauds because the alleged promises were not in writing. In response, Plaintiffs do not suggest that the bank's alleged promises were in writings signed by the bank. Instead, they contend that "[t]he written offer of a 'Payment Relief' program, coupled with the payment coupons, tied together with proof of timely payments made, survives any Statute of Frauds argument." (Dkt. No. 16, Pls.' Reps. 10;Compl. ¶¶ 12-18, 32.)[2] They contend that an intent to waive any contractual right to foreclose can be implied by the bank's affirmative acts.[3]

---

[1] The Plaintiffs' mortgage provides that the "Lender's acceptance of payments . . . in amounts less than the amount then due, shall not be a waiver of or preclude the exercise of any right or remedy." (Dkt. No. 11, Ex. 1, Mortgage § 12, Page ID #159.) Although the mortgage is not attached to Plaintiffs' complaint, the Court may consider the mortgage without converting the motion to one for summary judgment because the mortgage is referred to in Plaintiffs' complaint and is central to their claim. *See Amini*, 259 F.3d at 502.

[2] With respect to their breach of contract claim, Plaintiffs allege:

> 32. WELLS FARGO's offer of a loan modification, the offer being accepted by ENNIS by making the offered reduced payments, the documentation requirements being met, and the receipt and acceptance of payments by WELLS FARGO, all support a binding addendum or modification to the parties' contracts.

(Compl. ¶ 32.)

[3] With respect to their waiver claim, Plaintiffs allege:

> 36. At a minimum, the affirmative acts taken by WELLS FARGO, as identified through the attached exhibits, all support an intent by WELLS

(continued...)

7

While Plaintiffs acknowledge that the language of the statute of frauds appears to defeat Plaintiffs' claim, Plaintiffs contend that the statute of frauds does not require that every detail of a contract be in writing, and that a strict application of the statute in this case would result in manifest injustice.[4] Plaintiffs contend that Michigan courts avoid such injustice by refusing to adopt narrow and rigid rules for compliance with the statute of frauds. *See Opdyke Inv. Co. v. Norris Grain Co.*, 320 N.W.2d 836 (Mich. 1982); *Goslin v. Goslin*, 120 N.W.2d 242 (Mich. 1963).

Plaintiffs' reliance on *Opdyke* and *Goslin* is misplaced. Neither of these cases involved application of the statute of frauds applied to financial institutions. Plaintiffs' reliance on *Opdyke* and *Goslin* is also misplaced because in *Opkyke* there was evidence that the party sought to be bound had signed the letter agreement, 320 N.W.2d at 363, and in *Goslin*, the party sought to be bound did not deny her signature on the agreement at issue, 120 N.W.2d at 244. In the case before this Court, the issue is not the precise details of the agreement, but whether an agreement for modification or waiver was reached at all.

Plaintiffs' breach of contract/waiver claim is not saved by theories of part

---

[3](...continued)
FARGO to waive any contractual right to foreclose on the property, and to continue to accept the reduce [sic] monthly payments of $1,078.64.

(Compl. ¶ 36.)

[4]Although Plaintiffs claim a binding modification of their mortgage loan (Compl ¶ 32), their claim of manifest injustice is undercut by their acknowledgment that they were only offered reduced payments "while a more-permanent modification was being considered." (Pls.' Resp. 13.)

performance or promissory estoppel. In *Bingham v. Bank of America, N.A.*, No. 10-11917, 2010 WL 3633925 (E.D. Mich. Sept. 14, 2010) (Cox, J.), the plaintiffs brought various claims against their mortgage lenders, including claims for unjust enrichment and breach of implied agreement/specific performance. The district court granted the mortgage lenders' motion to dismiss:

> Despite the various labels Plaintiffs attach to these counts, however, each count is based on an alleged promise by Defendants to modify Plaintiffs' mortgage and/or forego its right to foreclose. Notably, nowhere in Plaintiffs' complaint do they allege that there is any agreement in writing, signed with an authorized signature by Defendants, wherein Defendants made such promises. In addition, any alleged oral promises fall squarely within the express language of the statute and are barred by M.C.L. § 566.132(2).

*Id.* at *3; *see also FEI Co. v. Republic Bank, S.E.*, No. 268700, 2006 WL 2313612, at *1 (Mich. Ct. App. Aug. 10, 2006) (holding that part performance is not sufficient to remove a claim from the statute of frauds applicable to financial institutions); *Crown Tech.*, 619 N.W.2d at 72, holding that § 566.132(2) precludes all actions based on oral promises and commitments, including actions for promissory estoppel).

The Court is satisfied that Plaintiffs' breach of contract/waiver claim is barred by the statute of frauds, and that Defendant is accordingly entitled to dismissal of Count I of Plaintiffs' complaint.

**IV.**

Defendant has moved for dismissal of Count II of Plaintiffs' complaint, which alleges fraud, silent fraud, intentional misrepresentation, and/or negligent misrepresentation, on the

9

basis that it, too, is barred by the statute of frauds.

Plaintiffs allege in Count II that Defendant made representations concerning the modification of their mortgage loan, that the representations were material, that Plaintiffs relied on them to their detriment, and that Defendant knew or should have known that Plaintiffs would rely on them. (Compl. ¶¶ 43.) Because Plaintiffs' claims in Count II are based upon the bank's oral representations, and because the Michigan Statute of Frauds precludes a party from "bringing a claim – no matter its label – against a financial institution to enforce the terms of an oral promise," *Crown Tech.*, 619 N.W.2d at 72, Plaintiffs' misrepresentation claims are barred by the Statute of Frauds. *See Jarbo*, 2010 WL 5173825, at *11 ("Michigan's statute of frauds similarly precludes Plaintiffs from bringing negligent or innocent misrepresentation claims against Defendants because these claims seek to enforce oral promises."); *Muneio v. Fed. Nat'l Mortg. Ass'n*, No. 09-12973, 2010 WL 5146328, at *3 (E.D.Mich. Dec. 13, 2010) (Cohn, J.) (holding that the statute of frauds bar extended to the plaintiff's misrepresentation claims against the defendant financial institution); *Ellison v. Wells Fargo Home Mortg., Inc.*, No. 09-CV-14175, 2010 WL 3998091, at * (E.D. Mich. Oct. 12, 2010) (Murphy, J.) (holding that the Statute of Frauds barred the borrower's fraud claim regarding an alleged oral accommodation); *Manire v. Am. Equity Mortg., Inc.*, No. 04-60278, 2005 WL 2173679, at *3 (E.D. Mich. Sept. 6, 2005) (Battani, J.) (holding that the Michigan Statute of Frauds prevented the plaintiff from asserting claims of intentional and negligent misrepresentation that were based on oral statements); *Republic Bank v. Britton*

*Estates, L.L.C.*, No. 258616, 2006 WL 445916, at *4 (Mich. Ct. App. Feb. 23, 2006) (affirming summary judgment in favor of the bank because the statute of frauds barred the appellants' misrepresentation claims).

Plaintiffs' fraud, silent fraud, intentional misrepresentation, and/or negligent misrepresentation claim is barred by the statute of frauds. Defendant is accordingly entitled to dismissal of Count II of Plaintiffs' complaint.

## V.

Plaintiffs acknowledge that Count III, alleging intentional interference with property rights, and Count IV, alleging negligent/tortious interference with expectancy of property rights, are subject to dismissal because a plaintiff who is a party to a contract cannot maintain a cause of action for tortious interference against another party to the contract. *See Derderian v. Genesys Health Care Sys.*, 263 Mich. App. 364, 689 N.W.2d 145 (Mich. Ct. App. 2004). Plaintiffs nevertheless request the Court to amend counts III and IV into a single Count III alleging private nuisance. (Pls.' Resp. 15.)

"A request for a court order must be made by motion." Fed. R. Civ. P. 7(b). Plaintiffs' request to amend their complaint has not been made by motion. Even if the Court were to construe Plaintiffs' request, buried in the body of their response to Defendant's motion to dismiss, as a motion to amend their complaint, the Court would nevertheless deny it as futile. Plaintiff is still relying on the underlying oral representations, and, as indicated above, an action against the bank based on an oral representation is barred by the statute of

frauds. As noted in *Crown Technology*, "the Legislature used the broadest possible language" in § 566.132(2) "to protect financial institutions by not specifying the types of 'actions' it prohibits, eliminating the possibility of creative pleading to avoid the ban." 619 N.W.2d at 72.

Plaintiffs' intentional interference with property rights, and negligent/tortious interference with expectancy of property rights, are subject to dismissal, and Plaintiff s attempt to state a claim for private nuisance is futile. Defendant is accordingly entitled to dismissal of Counts III and IV of Plaintiffs' complaint.

## VI.

Defendant has moved for dismissal of Count V of Plaintiffs' complaint, which alleges breaches of duties of good faith and fair dealing, on the basis that "Michigan does not recognize a cause of action for breach of the implied covenant of good faith and fair dealing." *Fodale v. Waste Mgmt. of Mich., Inc.*, 718 N.W.2d 827, 841 (Mich. Ct. App. 2006) (citing *Belle Isle Grill Corp. v. City of Detroit*, 666 N.W.2d 271, 279 (Mich. Ct. App. 2003)).

Plaintiffs respond that *Fodale* is inapposite because Plaintiffs are alleging violations of *express* covenants of good faith and fair dealing, rather than implied covenants. Plaintiffs cite *Flynn v. Korneffel*, 547 N.W.2d 249 (Mich. 1996), in support of the proposition that "[e]very contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement." *Id.* at 260 n.8 (Levin, dissenting) (citing 2 Restatement, Contracts 2d, § 205, p. 99).

Contrary to Plaintiffs' assertions, the dissenting opinion in *Flynn* does not distinguish between an express and an implied covenant of good faith and fair dealing. Moreover, Plaintiffs have not identified any express covenant of good faith and fair dealing in their written agreement with Defendant, and any action based on the contents of an oral covenant would be barred by the statute of frauds. To the extent Plaintiffs are attempting to state a tort claim, "Michigan does not recognize an independent tort action for an alleged breach of a contract's implied covenant of good faith and fair dealing." *Ulrich v. Fed. Land Bank of St. Paul*, 480 N.W.2d 910, 911 (Mich. Ct. App. 1991). Moreover, here again, the Court is mindful that in enacting the statute of frauds applicable to financial institutions, the Michigan Legislature "used the broadest possible language," thus "eliminating the possibility of creative pleading to avoid the ban." *Crown Technology*, 619 N.W.2d at 72.

Plaintiffs have failed to state an actionable claim for breaches of the duties of good faith and fair dealing claim. Defendant is accordingly entitled to dismissal of Counts III and IV of Plaintiffs' complaint.

## VII.

Plaintiffs concede that Count VI, alleging violations of the Michigan Consumer Protection Act ("MCPA"), Mich. Comp. Laws. § 445.902(d), is subject to dismissal pursuant to *Liss v. Lewiston-Richards, Inc.*, 478 Mich. 203, 732 N.W.2d 514 (Mich. 2007). Nevertheless, Plaintiffs contend that a dismissal without prejudice is warranted while other cases address the issue raised in the *Liss* dissent regarding the applicability of the MCPA's

13

904(1)(a) exemption to wrongful conduct. (Pls.' Resp. 18.)

The MCPA does not apply to "[a] transaction or conduct specifically authorized under laws administered by a regulatory board or officer acting under statutory authority of this state or the United States." Mich. Comp. Laws § 445.904(1)(a). The relevant inquiry for determining whether the exemption applies "is whether the general transaction is specifically authorized by law, regardless of whether the specific misconduct alleged is prohibited." *Liss*, 732 N.W.2d at 518 (quoting *Smith v. Globe Life Ins. Co.*, 597 N.W.2d 28, 38 (Mich. 1999)). "[R]esidential mortgage loan transactions fit squarely within the exemption." *Newton v. West*, 686 N.W.2d 491, 493 (Mich. Ct. App. 2004). The possibility that *Liss* might be overruled in the future is not a proper basis for dismissing Plaintiffs' MCPA claim without prejudice. Defendant's motion to dismiss count VI will accordingly be granted.

## VIII.

Defendant has moved for dismissal of Count VII of Plaintiffs' complaint, which alleges violation of the Michigan foreclosure laws, Mich. Comp. Laws § 600.3201 *et seq*. Plaintiffs allege that Defendant "failed to comply with the strict statutory requirements prior to foreclosure by publication," that Plaintiffs should have received a loan modification, and that Defendant failed to act in good faith through the modification process. (Compl. ¶¶ 67, 58, 70.)

Plaintiffs have failed to state an actionable claim for breach of the duty of good faith as noted in Section VI above, and Plaintiffs' complaint fails to identify what statutory

requirement of the Michigan foreclosure laws was violated. Plaintiffs have asserted, in response to Defendant's motion, that Defendant violated Mich. Comp. Laws § 600.3204(1)(a) because they were not in default on their note and mortgage obligations.

Plaintiffs' assertion that they were not in default on their note and mortgage obligations is contradicted by the allegations in their verified complaint and the exhibits attached thereto. Plaintiffs have admitted that they made no mortgage payment in November 2009, that they made reduced payments on December 23, 2009, January 25, 2010, and February 23, 2010, and that they did not pay the balance due when they received notice that the modification had been denied. (Compl. ¶¶ 13, 18, 22-27, Exs. 4-8.) Defendant's motion to dismiss Count VII will accordingly be granted.

**IX.**

Defendant has moved for dismissal of Count VIII of Plaintiffs' complaint, which seeks declaratory relief. Defendant contends that no relief is warranted because all of Plaintiffs' substantive claims fail as a matter of law.

Plaintiffs contend that there is an actual controversy sufficient upon which declaratory relief is available and that the Court can exercise its declaratory powers even if all of Plaintiffs' other claims have been dismissed. Plaintiffs request the Court to declare the legal rights and obligations of the parties as they relate to the real property, and request, as relief, an order requiring Defendant to modify the note and mortgage and to enjoin Defendant from proceeding with the foreclosure.

The Declaratory Judgment Act permits this court, in a case of actual controversy within its jurisdiction, to declare the rights of any interested party seeking such declaration. 28 U.S.C. § 2201. Where, as here, the Court has determined that Plaintiffs cannot prevail on their substantive claims, and where Plaintiffs' request for declaratory relief is based upon the same facts as those substantive claims, the Court cannot grant Plaintiffs the relief they request. The Court will accordingly grant Defendant's motion to dismiss Count VIII.

## X.

For the reasons stated, Defendant's motion to dismiss will be granted, and Plaintiffs' complaint will be dismissed in its entirety.

An order and judgment consistent with this opinion will be entered.


Dated: March 25, 2011                    /s/ Robert Holmes Bell
                                         ROBERT HOLMES BELL
                                         UNITED STATES DISTRICT JUDGE